IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

|  |  |
|---|---|
| **VICKI R. NOLAN,** | * |
| Plaintiff, | * Case No.: GJH-16-1163 |
| v. | * |
| **SAXON MORTGAGE, INC.,** *et al.*, | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

This removal action stems from *pro se* Plaintiff Vicki Nolan's ("Plaintiff" or "Nolan") fraud claims against Defendants Saxon Mortgage, Inc. ("Saxon Mortgage") and Deutsche Bank National Trust Company ("Deutsche Bank") regarding a mortgage Nolan received in 2007. Several dispositive motions are pending before the Court: Saxon Mortgage's Motion to Dismiss, ECF No. 11, Deutsche Bank's Motion to Dismiss, ECF No. 14, and Saxon Mortgage's "Suggestion that the Court lacks subject-matter jurisdiction over Plaintiff's claims," ECF No. 35, which the Court will construe as a Supplemental Motion to Dismiss. A hearing is unnecessary. Loc. R. 105.6 (D. Md. 2016). For the reasons stated below, the Court will grant Defendant Saxon Mortgage's Supplemental Motion to Dismiss, ECF No. 35, and deny the Defendants' remaining Motions to Dismiss as moot.

**I.   BACKGROUND**

On July 11, 2007, Nolan obtained a $192,500.00 loan from Saxon Mortgage, Inc., ECF No. 2 ¶ 6, and signed a deed of trust, securitizing the loan with property located at 6906 Mountain Lake Place, Capitol Heights, Maryland 20743. *Id.* ¶¶ 7-9; *see also* ECF No. 2 at 25-

26.[1] On the same day, Saxon Mortgage assigned the loan and deed of trust to Deutsche Bank National Trust Company as Trustee for Saxon Asset Securities Trust 2007-4. *Id.* ¶ 10; *see also* ECF No. 2 at 48. Several years later, on July 29, 2011, Nolan, represented by counsel, filed a Voluntary Petition for Chapter 7 Bankruptcy with the United States Bankruptcy Court for the District of Maryland. *See In re* Nolan, No. 11-25662-TJC (Bankr. D. Md. 2011), B. Dkt. No. 1.[2] As part of her Bankruptcy Petition, Plaintiff was required to list all of her assets, including "other contingent and unliquidated claims of every nature." B. Dkt. No. 47 at 6. On January 9, 2012, the Bankruptcy Court issued an order discharging Plaintiff. B. Dkt. No. 61.

Plaintiff initiated the present proceedings on February 18, 2016, by filing a Complaint in the Circuit Court for Prince George's County. ECF No. 2. In her Complaint, Plaintiff appears to argue that the July 11, 2007 assignment of her loan from Saxon Mortgage, Inc. to Deutsche Bank National Trust Company as Trustee for Saxon Asset Securities was void because the loan needed to be assigned first to two other companies, Saxon Funding Management, LLC and Saxon Asset Securities Company, before it could be assigned to Deutsche Bank. ECF No. 2 ¶¶ 10-12; *see also* ECF No. 2 at 58.[3] Plaintiff argues that because the assignment is void, the Court should declare that the Defendants have no interest in the property and that she is the sole owner. ECF No. 2 ¶ 67. In conjunction with this request for declaratory relief, Plaintiff brings several claims against each Defendant regarding the allegedly fraudulent assignment of the loan. Specifically, she brings four claims against Saxon Mortgage alone alleging: (1) Fraud in the Concealment; (2) Unconscionable Contract; (3) Breach of Contract; and (4) Breach of Fiduciary Duty. *Id.* ¶¶ 18-

---

[1] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.
[2] Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of the filings from Plaintiff's bankruptcy case. To avoid confusion, documents found on the Bankruptcy Docket will be identified as "B. Dkt."
[3] The Declaration of Marla Giddings, ECF No. 2 at 50-59, which Plaintiff attaches to her Complaint in support of the above proposition appears to be missing one of the final pages discussing Ms. Giddings' conclusions. However, the complete document was attached to Plaintiff's most recent filing. *See* ECF No. 37-3.

48. In addition, she brings her final two claims, (5) Slander of Title and (6) Intentional Infliction of Emotional Distress against both Defendants. *Id.* ¶¶ 49-64. While not stated as a specific claim, Plaintiff also appears to allege that Saxon Mortgage violated a section of the Truth in Lending Act, 15 U.S.C. § 1641(g), by failing to record and notify Plaintiff of the assignment of her loan within thirty days of the assignment taking place. ECF No. 2 ¶ 14.

On April 19, 2016, Defendant Deutsche Bank removed the case to this Court, ECF No. 1. Saxon Mortgage filed a Motion to Dismiss on April 25, 2016, ECF No. 11. In its Motion, Saxon Mortgage argues that the case should be dismissed pursuant to either Federal Rule of Civil Procedure 12(b)(5) for failure to properly serve the Defendant, or 12(b)(6) for failure to state a claim for relief. ECF No. 11-1 at 7-8; 10-21. Alternatively, Saxon Mortgage argues that the Court should abstain from the case because of prior, on-going foreclosure proceedings against Plaintiff in Maryland state court. *Id.* at 9-10. Deutsche Bank makes similar arguments in its Motion to Dismiss, ECF No. 14, and also expressly adopts and incorporates the arguments of its co-defendant into its Motion. ECF No. 14 at 10.

On August 1, 2016, the Court granted Plaintiff's Motion for Extension of Time, ECF No. 27, providing Plaintiff with seven additional days to respond to Defendants' pending motions. ECF No. 29. On August 24, 2016, Plaintiff filed a Response in Opposition to Saxon Mortgage's Motion to Dismiss. ECF No. 31. On November 30, 2016, Defendant Saxon Mortgage filed a Supplemental Motion to Dismiss, ECF No. 35, arguing that Plaintiff lacked standing to assert her claims because they were the property of the bankruptcy estate, ECF No. 35 at 1, and thus, the Court lacked subject matter jurisdiction over the case. On January 23, 2017, the Court mailed Plaintiff a letter notifying her that failure to respond to Saxon Mortgage's Supplemental Motion to Dismiss could result in dismissal of her case. ECF No. 36. On February 10, 2017, Plaintiff

3

filed an opposition to Defendant's Motion to Dismiss and Objection to Summary Judgment and Plaintiff Motion for Declaratory Relief and Damages. ECF No. 37.[4]

## II. STANDARD OF REVIEW

"[C]ourts generally analyze issues of standing pursuant to Rule 12(b)(1)," *Borlo v. Navy Fed. Credit Union*, 458 B.R. 228, 231 (D. Md. 2011), which governs motions to dismiss for lack of subject matter jurisdiction. Fed. R. Civ. Pro. 12(b)(1). "It is well established that before a federal court can decide the merits of a claim, the claim must invoke the jurisdiction of the court." *Miller v. Brown*, 462 F.3d 312, 316 (4th Cir. 2006) (citation omitted). Thus, "[t]he objection that a federal court lacks subject matter jurisdiction may be raised by a party, or by a court on its own initiative, at any stage in the litigation ...." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006) (citations omitted). Once a challenge is made to subject matter jurisdiction, the plaintiff bears the burden of proving that the Court has subject matter jurisdiction. *See Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp.*, 166 F.3d 642, 647 (4th Cir. 1999); *see also Ferdinand–Davenport v. Children's Guild*, 742 F. Supp. 2d 772, 777 (D. Md. 2010).

The court should grant a Rule 12(b)(1) motion "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Evans*, 166 F.3d at 647. In ruling on a motion under Rule 12(b)(1), the court "should 'regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment.'" *Ferdinand–Davenport*, 742 F. Supp. 2d at 777 (quoting *Evans*, 166 F.3d at 647); *see also Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

---

[4] The filing also appeared to include an Answer to Plaintiff's own Complaint and a set of discovery interrogatories, neither of which impact the Court's ruling.

4

### III.   DISCUSSION

#### A. Lack of Subject Matter Jurisdiction

Defendant Saxon Mortgage argues that Plaintiff lacks standing to pursue her claims because they accrued before she filed for bankruptcy and, thus, became part of the bankruptcy estate when she initiated bankruptcy proceedings in 2011. ECF No. 35 at 3-6. Therefore, Saxon Mortgage argues, only the trustee of the bankruptcy estate has standing to assert the claims that Plaintiff raises in her Complaint. *Id.* While Plaintiff makes general denials in her response, she fails to assert any specific facts to refute Defendant's claim that she lacks standing. ECF No. 37.

When an individual files a petition for bankruptcy, a bankruptcy estate is created. This estate "consists of all of the property that will be subject to the jurisdiction of the bankruptcy court" and is used to pay the debtor's creditors. 5-541 Collier on Bankruptcy P 541.01 (16th 2016). The Bankruptcy Code construes property broadly and specifically notes that the estate should include "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). "Such property interests include non-bankruptcy causes of action that arose out of events occurring prior to the filing of the bankruptcy petition." *Wilson v. Dollar Gen. Corp.*, 717 F.3d 337, 342 (4th Cir. 2013).

Once the bankruptcy estate is created, it is administered by a trustee who has the power to liquidate the debtor's property in order to generate money to pay the debtor's creditors. *See* 6-704 Collier on Bankruptcy P 704.01 (16th 2016); *see also* 11 U.S.C. § 704(a)(1). With that authority, a trustee has standing to bring claims based on any cause of action within the estate. *See Nat'l Am. Ins. Co. v. Ruppert Landscaping Co.*, 187 F.3d 439, 441 (4th Cir. 1999). A debtor only regains standing if the trustee abandons the claim. *Id.* Pursuant to 11 U.S.C. § 554, claims may be abandoned (1) by the trustee, after notice and a hearing (2) by court order, on request of a

party in interest after notice and a hearing or (3) as a matter of a law, if the claims were properly scheduled pursuant to 11 U.S.C. § 521(a)(1) and not otherwise administered by the trustee. *See* 11 U.S.C. § 554(a)-(c). However, "[i]f the debtor's schedule does not disclose a cause of action that accrued pre-petition, that cause of action remains the property of the estate after the bankruptcy case is closed." *Nicholas v. Green Tree Servicing, LLC*, 173 F. Supp. 3d 250, 255 (D. Md. 2016) (citing *Chartschlaa v. Nationwide Mut. Ins. Co.*, 538 F.3d 116, 122 (2d Cir. 2008)); *see also* 11 U.S.C. § 554(d). Thus, to determine whether or not Plaintiff has standing, the Court must determine if the claims accrued pre-petition and whether or not they were properly scheduled.

"To determine when a cause of action accrues, and therefore whether it accrued pre-bankruptcy and is an estate asset, the Court looks to state law." *Borlo*, 458 B.R. at 232 (quoting *Boland v. Crum (In re Brown)*, 363 B.R. 591, 605 (Bankr. D. Mont. 2007)). "Under Maryland law, a cause of action accrues when: (1) the legally operative facts permitting the filing of a claim come into existence; and (2) the claimants have notice of the nature and cause of their injury." *Miller v. Pac. Shore Funding*, 287 B.R. 47, 50 (D. Md. 2002), aff'd, 92 F. App'x 933 (4th Cir. 2004). Maryland courts have defined "notice" as "having knowledge of circumstances which would cause a reasonable person in the position of the plaintiffs to undertake an investigation which, if pursued with reasonable diligence, would have led to knowledge of the alleged fraud." *O'Hara v. Kovens*, 305 Md. 280, 302 (1986).

Here, all of Plaintiff's claims relate to the allegedly fraudulent assignment of her loan and deed of trust from Saxon Mortgage, Inc. to Deutsche Bank National Trust Company as Trustee for Saxon Asset Securities Trust 2007-4 on July 11, 2007. ECF No. 2 ¶¶ 6-12. While she states that the assignment was not promptly recorded, Plaintiff does not allege any specific facts to

show that this assignment was concealed from her, such that a reasonable person could not have uncovered the new assignment "if pursued with reasonable diligence." *O'Hara*, 305 Md. at 302.[5] Moreover, during her bankruptcy case, Deutsche Bank National Trust Company as Trustee for Saxon Asset Securities Trust 2007-4 moved for relief from the automatic stay, imposed when Plaintiff entered into bankruptcy proceedings, in order to institute foreclosure proceedings. *See In re* Nolan, No. 11-25662-TJC (Bankr. D. Md. 2011), B. Dkt. No. 16. In its motion, Deutsche Bank states unequivocally that it is "the holder of a Note secured by a Deed of Trust dated July 11, 2007….which encumbers the property of the Debtor at 6906 Mountain Lake Place, Capitol Heights, Maryland 20743." *Id.* at 1. This motion was granted by the bankruptcy judge on September 30, 2011, terminating the automatic stay. *See In re* Nolan, No. 11-25662-TJC, B. Dkt. No. 35. Therefore, by at least September 30, 2011, if not earlier, Plaintiff was on inquiry notice that her loan had been assigned and thus, any claims around the alleged fraudulent assignment and lack of prompt recordation accrued at that time as well.[6]

---

[5] In its Motion to Dismiss, Defendant Saxon Mortgage states that the assignment was not recorded until 2013. *See* ECF No. 11-1 at 12.

[6] In fact, Plaintiff's Truth in Lending Act ("TILA") claim likely never accrued because the relevant section she cites, 15 U.S.C. § 1641(g), did not become law until two years after her loan was assigned. Thus, it is unclear if Defendant Saxon Mortgage was under any obligation to notify Plaintiff of the assignment of her loan. *See* Robertson v. U.S. Bank, N.A., 831 F.3d 757, 762 (6th Cir. 2016) (discussing Congress' implementation of §1641(g) of TILA).

Having determined that Plaintiff's claims had accrued prior to her bankruptcy petition, the Court next determines whether or not they were properly scheduled.[7] Because the Court finds that they were not properly scheduled, Plaintiff does not have standing to bring this claim.

"Debtors must disclose legal claims on a Schedule of Personal Property filed with the bankruptcy court." *Nicholas*, 173 F. Supp. 3d at 255 (citing 11 U.S.C. § 521(a)(1)(B)(i)). A review of Plaintiff's petitions shows that Plaintiff, through counsel, marked "X" next to "other contingent and unliquidated claims of every nature" in every version of her schedule that she submitted. *See In re* Nolan, No. 11-25662-TJC, B. Dkt. Nos. 1, 47 & 66. The Seventh Circuit construed a similar marking as "expressly deny[ing] that [plaintiff] had any valuable legal claims ('contingent and unliquidated claims of every nature', the schedule calls them, leaving no room for quibbles)." *Cannon-Stokes v. Potter*, 453 F.3d 446, 447 (7th Cir. 2006). While she appears to list as "disputed" a claim involving a loan against her property, *see In re* Nolan, No. 11-25662-TJC, B. Dkt. No. 47, Bankruptcy Courts within this district have declined to construe such a comment as sufficient scheduling. For example, in the case *In re: Dennis*, plaintiff's Amended Schedule D included a reference to a "disputed" claim. *In re: Dennis*, No. 09-33957-WL, 2010

---

[7] Plaintiff filed her initial bankruptcy petition on July 29, 2011, *see In re* Nolan, No. 11-25662-TJC, B. Dkt. No. 1, and Deutsche Bank filed its Motion to Stay twelve days later on August 8, 2011. *Id.* at B. Dkt. No. 16. Plaintiff then filed two amended schedules on November 7, 2011 and January 9, 2012, reflecting omissions in the assets and liabilities listed in her initial petition. *Id.* at B. Dkt. Nos. 47 & 66; *see also* B. Dkt. No. 45. Thus, even if the Court were to view her claims as accruing after her initial petition when Deutsche Bank filed their Motion to Stay, courts have held that such claims are still included in the bankruptcy estate if they are "based on events taking place prior to the commencement of the bankruptcy action," which would be the case here. *In re Plumlee*, 236 B.R. 606, 611 (E.D. Va. 1999)(citing *Field v. Transcontinental Ins. Co.*, 219 B.R. 115, 118–120 (E.D.Va.1998)); *But see In re Holstein*, 321 B.R. 229, 237 (Bankr. N.D. Ill. 2005) (holding that claims that accrue post-petition do not become part of the bankruptcy estate). Furthermore, Plaintiff had two opportunities to amend her schedule after she was on inquiry notice of Deutsche Bank's ownership of her loan and failed to list any claims against Deutsche Bank on any of her amended schedules.

WL 3907114, at *1 (Bankr. D. Md. Sept. 30, 2010). The bankruptcy judge dismissed plaintiff's claim for lack of standing noting that "the proper place to list any causes of action against the Defendant would have been on Schedule B, which the Debtor failed to do. As such, the Trustee never had notice of the existence of this alleged cause of action in order to pursue or abandon the claim, if one exists." *Id* at *2.

As Plaintiff's claims were not properly scheduled, any claims remain the property of the bankruptcy estate, even after the bankruptcy case has closed. Thus, Plaintiff lacks standing to pursue these claims. *Nicholas*, 173 F. Supp. 3d at 255 ("[t]he debtor lacks standing to bring an unscheduled, and thus never abandoned, pre-petition claim even if the debtor was not aware of a legal basis for bringing that claim at the time the bankruptcy petition was filed." (citing *Miller*, 287 B.R. at 51.)).[8] Because Plaintiff lacks standing, the Court does not have subject-matter jurisdiction over these claims. Thus, the Court grants Defendant Saxon Mortgage's Motion to Dismiss. ECF No. 35.[9]

---

[8] *See also Borlo*, 458 B.R. at 234 n.8 (D. Md. 2011) (citing *Miller*, 287 B.R. at 50 ("Even a cause of action that the debtor, when filing the petition, did not know the law granted belongs to the estate. Property of the debtor does not escape the bankruptcy estate merely because the debtor is unaware of its existence."))

[9] Because the Court agrees with Defendant that it must dismiss the complaint for lack of subject matter jurisdiction, it need not reach Defendants' additional arguments that the complaint should be dismissed on abstention grounds or under Federal Rule of Civil Procedure 12(b)(5)(improper service) or 12(b)(6)(failure to state a claim).

IV.     CONCLUSION

For the reasons stated above, the Court will grant Defendant's Motions to Dismiss, ECF No. 35 and deny as moot the remaining Motions to Dismiss, ECF Nos. 11 & 14. A separate Order follows.[10]

Dated: February 15, 2017

_____
GEORGE J. HAZEL
United States District Judge

---

[10] Also pending is Plaintiff's Motion for Leave to File an Amended Complaint, ECF No. 37. Although "[t]he court should freely give leave when justice so requires," Fed. R. Civ. Pro. 15(a)(2), the Court may deny a motion to amend the pleadings where amendment would be futile. *See Rubino v. New Acton Mobile Indus., LLC*, 44 F. Supp. 3d 616, 622 (D. Md. 2014) (quoting *Laber v. Harvey*, 438 F.3d 404, 427(4th Cir. 2006). "[T]he Court may deny as futile a motion to amend a complaint when the proposed complaint would not survive a motion to dismiss." *Dehaemers v. Wynne*, 522 F. Supp. 2d 240, 244 (D.D.C. 2007) (citing *James Madison, Ltd. v. Ludwig*, 82 F.3d 1085, 1099 (D.C. Cir. 1996)). Here, Plaintiff seeks to add Gerard Gaeng, the attorney representing Saxon Mortgage, as a defendant to this case. She also seeks to bring new federal claims asserting violations of a myriad of federal statutes including the Fair Debt Collection Practices Act, 42 U.S.C. § 1983, the Truth in Lending Act, the Real Estate Settlement Procedures Act, and the mail fraud and wire fraud statutes. ECF No. 37 at 12-15. Under the heightened pleading standards adopted in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678-79. In addition, allowing amendment now would significantly prejudice the Defendants as this case has been pending for almost a year. Because amendment would be both futile and prejudicial, Plaintiff's Motion for Leave to Amend her Complaint is denied.